**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1400-15T1

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

LUIS A. DIAZ,

    Defendant-Appellant.

_____

        Submitted September 25, 2017 — Decided October 18, 2017

        Before Judges Sabatino and Whipple.

        On appeal from Superior Court of New Jersey,
        Law Division, Bergen County, Indictment No.
        13-04-0589.

        Joseph E. Krakora, Public Defender, attorney
        for appellant (Stephen W. Kirsch, Assistant
        Deputy Public Defender, of counsel and on the
        brief).

        Gurbir S. Grewal, Bergen County Prosecutor,
        attorney for respondent (Elizabeth R. Rebein,
        Assistant Prosecutor, of counsel and on the
        brief).

        Appellant filed a pro se supplemental brief.

PER CURIAM

Defendant appeals from a September 22, 2015 judgment of conviction for second-degree conspiracy to commit robbery and second-degree possession of a firearm for an unlawful purpose after entering a guilty plea on May 8, 2014. He argues the presentation of the factual basis to the court at the plea hearing prior to the completion of the waiver of his rights is a fatal defect rendering the plea involuntary. We affirm.

At a hearing that began on May 5, 2014, the Assistant Prosecutor moved the plea agreement by representing that plea forms were completed by the parties and defendant was expected to plead guilty to the above-referenced second-degree charges. The Assistant Prosecutor also placed on the record the State's recommended sentence of seven years, subject to the No Early Release Act (NERA), N.J.S.A. 2C:43-7.2, and Grave's Act components, N.J.S.A. 2C:43-6, and stated defendant agreed to testify against his co-defendants and his counsel was free to argue for a lesser sentence.

Defendant, who was questioned by his counsel to establish a factual basis for the plea, testified under oath that, on December 28, 2012, he and two co-defendants agreed to rob an owner of a pizza shop. One co-defendant drove defendant and the other co-defendant to the individual's home where they encountered the owner, and the co-defendant fired a handgun that was jointly

possessed. Defendant and co-defendant ran from the scene and called the other co-defendant for a ride. All three co-defendants were arrested shortly thereafter.

For reasons unclear from the record, the court halted the hearing and instructed the parties to return on May 8, 2014 to complete the plea proceeding. On May 8, 2014, the parties returned, and defendant was sworn in again. The Assistant Prosecutor reinitiated the plea, placing the same relevant information on the record as the May 5, 2014 hearing. As previously done, defendant's counsel questioned him under oath to establish a factual basis, and defendant gave consistent testimony about the plan to rob the pizza shop owner and the gun. The Assistant Prosecutor then examined defendant, confirming he was truthful and understood he might be asked to testify at a trial of his co-defendants.

The judge then questioned defendant about his citizenship and his understanding of the potential immigration consequences of entering a plea. The judge confirmed defendant's plea was voluntary and he was aware he was giving up the right to a trial where defendant could challenge witnesses and the State's evidence. Defendant also confirmed, through the court's questioning, he was waiving motions and had agreed to testify against his co-defendants. The judge asked defendant if he

understood each relevant potential consequence of the plea to both offenses, which defendant said he did. The judge then scheduled a sentencing date.

On July 10, 2014, defendant moved to withdraw his guilty plea pursuant to State v. Slater, 198 N.J. 145 (2009), asserting he misunderstood the terms of the plea and the potential sentence, his Miranda[1] rights were violated, and he has three small children for whom he cares. On September 9, 2015, defendant's new counsel amended defendant's motion, asserting prior counsel misled defendant into believing he had to plead guilty. Defendant did not raise the issue now being presented on appeal regarding the sequence of the plea colloquy.

A second judge heard the motion and, on September 11, 2015, after applying the four factor test for a plea withdrawal under Slater, supra, 198 N.J. at 157-58, denied defendant's motion because the record belied the assertion he did not understand the potential sentence. The executed plea forms and the plea transcript demonstrated defendant was informed he could receive a maximum term of seven years subject to NERA. The judge also rejected defendant's unsupported assertion that his inculpatory statements to police were made without a Miranda waiver that

---

[1] Miranda v. Arizona, 384 U.S. 436, 86 S. Ct. 1602, 16 L. Ed. 2d 694 (1966).

supported a colorable claim of innocence. Defendant provided no facts to support a colorable claim of innocence, demonstrated no flaw in the plea proceeding, and provided no evidence his lawyer misled him into pleading guilty. The judge then sentenced defendant to a term of five years, consistent with the plea agreement. This appeal followed.

On appeal, defendant argues:

> POINT I
> DEFENDANT'S MOTION TO WITHDRAW HIS GUILTY PLEA SHOULD HAVE BEEN GRANTED; IT IS IMPROPER FOR A COURT TO DEMAND A FACTUAL BASIS FROM A DEFENDANT BEFORE ENGAGING IN A COLLOQUY WITH THAT DEFENDANT TO EXPLAIN THE RIGHTS THAT ARE BEING WAIVED.
>
> POINT II
> MERGER OF THE DEFENDANT'S CONVICTIONS SHOULD BE ORDERED. (NOT RAISED BELOW).

Defendant argues the plea hearing was procedurally invalid and the Slater factors do not apply because the out-of-sequence proceeding was fundamentally flawed, destroying any possibility that defendant knowingly and voluntarily pled guilty. We agree the Slater factors do not apply to a challenge of the adequacy of the factual basis, State v. Tate, 220 N.J. 393, 403-04 (2015). But defendant made no such challenge in support of his motion to withdraw his plea.

Defendant asserts the plea hearing's "backwards" sequence undermined the determination that he knowingly and voluntarily

pled guilty.  The Supreme Court of New Jersey has made clear the standard for which a guilty plea may be entered under Rule 3:9-2 and the defendant's waiver cannot be deemed knowing, intelligent, and voluntary "unless the defendant possesses an understanding of the law in relation to the facts."  State v. Urbina, 221 N.J. 509, 526 (2015).  Rule 3:9-2 states in pertinent part:

> A defendant may plead only guilty or not guilty to an offense.  The court, in its discretion, may refuse to accept a plea of guilty and shall not accept such plea without first questioning the defendant personally, under oath or by affirmation, and determining by inquiry of the defendant and others, in the court's discretion, that there is a factual basis for the plea and that the plea is made voluntarily, not as a result of any threats or of any promises or inducements not disclosed on the record, and with an understanding of the nature of the charge and the consequences of the plea.

Under the plain language of the rule, the meaning of "without first questioning the defendant" does not mandate a sequential order of questions but requires that, before the judge formally accepts the guilty plea, certain information must be confirmed. The trial judge must be satisfied whether (1) anyone had forced, threatened, or put defendant under pressure to plead guilty, (2) the defendant understood that he was relinquishing certain constitutional rights, (3) the defendant understood the nature of the charge and content of the sentencing recommendation, and (4)

the defendant was in fact guilty of the specific charge.  State v. Campfield, 213 N.J. 218, 230-31 (2013) (quoting State ex rel. T.M., 166 N.J. 319, 336 (2001)).  The trial court's inquiry need not follow a "prescribed or artificial ritual[,]" and defendant's admissions should be examined in light of all surrounding circumstances in the context of an entire plea colloquy.  Id. at 231-32 (citation omitted).  The trial court's purpose is to ensure the defendant has articulated a factual basis for each element of the offense to which he pleads guilty.  Id. at 232.

While, as the preferred practice, we do not endorse conducting a plea hearing by taking the factual testimony first because of the volume of information a judge must consider when determining the validity of defendant's acknowledgement and understanding. However, the unconventional sequencing of the plea hearing does not invalidate the court's ultimate determination that the guilty plea was voluntarily made, when considering the entire circumstances and context of the plea colloquy.  We reject defendant's argument analogizing the plea sequence to a waiver of Miranda rights because there are major differences between statements made in a police interrogation and voluntary statements made during a plea hearing with the assistance of counsel.  We also reject the assertion there was an inadequate factual basis or that the judge did not possess all the information needed to

fully establish defendant voluntarily entered the plea and understood its effects and consequences.

Finally, defendant's argument his convictions should merge pursuant to State v. Demetrius Diaz, 144 N.J. 628, 636-39 (1996), is without sufficient merit to warrant discussion in a written opinion.  R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION